UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

SUWEN ZHANG,

                    Plaintiff,

      -vs-                  **No. 6:17-cv-06492-MAT**
                                              **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                    Defendant.

───────────────────────────────

## I. Introduction

Represented by counsel, Suwen Zhang ("Plaintiff"), commenced this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), denying her application for disability insurance benefits ("DIB"). Before the Court is Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) ("Section 406(b)").

## II. Procedural History

On September 27, 2013, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning April 1, 2013. The claim was denied initially and, after an administrative hearing, an administrative law judge ("ALJ") issued an unfavorable decision on April 6, 2016. The Appeals Council decline review of the ALJ's decision and Plaintiff filed an action in this Court. On June 22, 2018, the undersigned issued a Decision and Order (Docket No. 16) reversing

the decision denying benefits and remanding Plaintiff's claim to the Commissioner for calculation and payment of benefits.

In an award notice dated July 25, 2018, the Social Security Administration ("SSA") advised Plaintiff that it was awarding her past due disability benefits beginning September 2012, and that it was sending her a check in the amount of $26,243.50, which represents "the money [she] [is] due through June 2018." Notice of Award, Docket No. 23-1, pp. 7 of 10. The SSA also stated that it "withheld $8,773.50 from [her] past due benefits in case [it] need[s] to pay [her] representative." *Id.*, p. 8 of 10. Thus, the amount of the past due benefits award apparently was $35,017.00 ($26,243.50 + $8,773.50).

By Stipulation and Order (Docket No. 20) dated September 10, 2018, this Court awarded Counsel $5,295.80 in fees and $400 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

On February 27, 2019, Counsel filed a motion (Docket No. 21) pursuant to 42 U.S.C. § 406(b) ("Section 406(b)") for attorney's fees, along with a Memorandum of Law (Docket No. 22) and Affirmation in Support (Docket No. 23). Counsel seeks fees in the amount of $8,773.50.

On March 15, 2019, the Commissioner filed a response (Docket No. 24) indicating that she has no objections to Plaintiff's request for attorney's fees pursuant to Section 406(b) but requests

that the Court conduct an independent reasonableness review, as required by law. The Commissioner also does not object to the Section 406(b) Motion as being untimely.

For the reasons discussed below, the Court finds that Plaintiff's Section 406(b) Motion was timely filed and that it should be granted. However, the amount awarded must be reduced to $8,754.25, which represents 25 percent of the total past due benefits paid to Plaintiff.

**III. Applicable Legal Principles**

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

"Within the 25 percent boundary" set by Section 406(b), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (citation omitted). Section 406(b) also "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* (footnotes omitted). Thus, it is the district court's responsibility to determine whether the requested

fees are unreasonable, as required by Social Security Act and *Gisbrecht*, *supra*.

After ascertaining that a given contingent fee agreement is within the 25 percent statutory boundary, courts have considered the following factors in determining whether the resulting fee is reasonable: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Joslyn v. Barnhart*, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

**IV. Discussion**

    **A.    Reasonableness of the Fee Requested**

As an initial matter, the Court notes that the SSA's Notice of Award states that Plaintiff's next check would be in the amount $26.243.50, representing benefits through June 2018. The SSA also stated that it "usually withheld 25%" to pay any representative's fee, and that it withheld $8,773.50 to pay Plaintiff's representative. Thus, it appears that her total past due benefits amount was $35,017.00. Contrary to Plaintiff's and Defendant's assertions, twenty-five percent of that amount is $8,754.25, not

-4-

$8,773.50. The amount withheld by the SSA, $8,773.50, represents 25 percent of $35,094.00, which amount is nowhere reflected on the SSA's Notice of Award. In short, the requested amount ($8,773.50) exceeds the statutory cap by $77.00. Accordingly, it must be reduced to $8,754.25 to make it permissible under the fee agreement between Plaintiff and Counsel, which, consistent with the statutory cap, allows for up to 25 percent of any past due benefits awarded.

With regard to the first *Gisbrecht* factor, the Court finds that the requested fee—as modified above—is in line with the "character of the representation and the results the representation achieved." Here, Counsel's effective briefing secured a remand for further administrative proceedings and, ultimately, a reversal and remand for calculation and payment of benefits. This factor accordingly weighs in favor of finding reasonableness.

Turning to the second factor, Counsel did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and thus the potential fee award. The second factor also weighs in favor of finding reasonableness.

With regard to whether the fee award constitutes a "windfall," the Supreme Court has not provided clear guidance on assessing this factor but has suggested that conducting what is essentially a lodestar analysis may be helpful. *See Gisbrecht*, 535 U.S. at 808 (suggesting that the hours spent by counsel representing the

claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement"). Dividing the Section 406(b)(1) fee as modified ($8,754.25) by the total hours expended by Counsel (26.2 hours) yields an effective hourly rate of $334.13. The Commissioner submits that this request does not represent a windfall. A survey of the case law from this Circuit confirms that such an hourly rate is clearly reasonable.

The Court further observes that a contingent fee outside of the Social Security context typically represents the past and future value of the case. Here, however, the statute provides that attorney's fees are based solely on past due benefits. *See* 42 U.S.C. § 406(b)(1). The value of this case to Plaintiff and her auxiliaries is greater than the amount of past due benefits received. In addition, the value of health care benefits attendant to Title II benefits is not included in the computation of the fee under Section 406(b)(1). Counsel, on the other hand, assumed a substantial risk of loss in taking this case, given that Plaintiff's claim had been denied at multiple levels of agency review before the initiation of this civil action. In this regard, the Court considers the deference owed to lawful attorney-client fee agreements, *Gisbrecht*, 535 U.S. at 793, and the interest in assuring that attorneys continue to represent clients such as Plaintiff, *id.* at 805.

Consideration of all of the *Gisbrecht* factors warrant a finding that the requested fee is reasonable, and the Commissioner does not disagree. In addition, Counsel has stated that he will refund the amount of the EAJA fees awarded to Plaintiff should the Section 406(b) application be approved. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions [in the EAJA and Section 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186; second alteration in original).

### B. Timeliness of the Section 406(b) Motion

The law within the Second Circuit is unsettled regarding the deadline to file a Section 406(b) motion. The Act does not require a fee application to be filed within any specific time limit, "making the timeliness question somewhat more complicated." *Geertgens v. Colvin*, No. 13 CIV. 5133(JCF), 2016 WL 1070845, at *2 (S.D.N.Y. Mar. 15, 2016). The Second Circuit has not squarely addressed the question of what standard should govern the question of whether a Section 406(b) application is timely filed. Courts in this District, up until recently, had consistently applied a reasonableness standard. *See*, *e.g.*, *Jenis v. Colvin*, 12-CV-0600A, 2016 WL 624623, at *1 n. 1 (W.D.N.Y. Oct. 26, 2016) (Section 406(b) application filed four months after notice of award was filed within a reasonable time and was timely); *see also Buckingham v.*

*Astrue*, 07-cv-159-JTC, 2010 WL 4174773, at *1 (W.D.N.Y. Oct. 25, 2010) (granting Section 406(b) application filed 98 days after notice of award received, without consideration of timeliness); *but see Sinkler v. Berryhill*, 305 F. Supp.3d 448, 452 (W.D.N.Y. 2018), *appeal docketed*, 18-2044 (2d Cir. July 11, 2018). However, newly enacted Western District of New York Local Rule 5.5(g)(1) rejects the 14-day standard and sets a window of 65 days for filing Section 406(b) applications.

Counsel represents that his fee petition is timely because, although the Notice of Award is dated July 25, 2018, his office did not receive it until February 15, 2019. The copy of the Notice of Award he submitted bears a stamp with the February 15, 2019 date. The Notice of Award was addressed directly to Plaintiff, and Counsel was not copied on the letter, even though he was counsel of record with the SSA. The Court accepts Counsel's representation that he did not receive the Notice of Award until February 15, 2019. In such case, his Section 406(b) Motion, filed February 27, 2019, is timely under new Local Rule 5.5, which may be applied, insofar as just and practicable, to all actions pending as of January 1, 2019.

**V. Conclusion**

For the reasons set forth above, the Court grants the Section 406(b)(1) Motion but reduces the amount awarded to $8,754.25 to bring the fee award in line with the 25 percent statutory cap and

the parties' retainer agreement. The Court directs the Commissioner to release the funds withheld from the past due benefits award. Upon receipt of the Section 406(b) fee, Counsel is directed to remit payment of the EAJA fee he previously received to Plaintiff.

**SO ORDERED.**

S/Michael A. Telesca
<br>
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: May 29, 2019
Rochester, New York